# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

IN RE:

**SHAWN CUTTING and JANINE CUTTING,**

     Debtors.

**Case No. 25-20068-NGH**

**Chapter 7**

### NOTICE AND ORDER REGARDING ATTORNEY DISQUALIFICATION

On January 30, 2026, the Court entered an Order pursuant to D.Id.L.Civ.R. 83.5(b)(3)(A), placing attorney Aaron J. Tolson ("Counsel") on interim suspension (Disciplinary Order). As part of the required wind-up process, Counsel filed a motion to withdraw as counsel on February 17, 2026,[1] attaching the related Idaho State Bar order of interim suspension, and asserting his clients, Debtors, were made aware of Counsel's withdrawal. Based on this Court's Disciplinary Order and cause appearing:

IT IS HEREBY ORDERED that if Debtors do not retain another attorney who files a notice of appearance within twenty-one (21) days of the date of this Notice, they shall be deemed to represent themselves pro se.

YOU ARE HEREBY NOTIFIED that no further proceedings can be held in this action that will affect Debtors' rights for a period of twenty-one days from the date of this Notice, except as the Court might allow for good cause.

DATED: February 26, 2026

_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

---

[1] Pursuant to D.Id.LCiv.R.83.5(b)(3)(B), Counsel had 14 days after the date of the Disciplinary Order to wind-up his representation and complete any matters pending as of the date of the entry of the Disciplinary Order. As February 16, 2026, was a federal holiday, the wind-up period ran on February 17, 2026.

NOTICE AND ORDER - 1